UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAURO SOLIS,

    Petitioner,

v.                                              Case No. 4:15cv20/MW/CJK

JULIE JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 3). Respondent moves to dismiss the petition as time-barred (doc. 8), providing relevant portions of the state court record (doc. 10). Petitioner opposes dismissal (doc. 13). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On November 10, 2003, petitioner was charged by information filed in

Gadsden County Circuit Court Case No. 03-CF-808 with one count of second degree murder of Willie Joe Stanford by beating or kicking Stanford to death (Count I). (Doc. 10, Ex. A).[1] The information was amended on March 23, 2005, to add a count of aggravated battery committed upon Jerry Shiver (Count II) and a count of false imprisonment of Yolanda Nessmith (Count III). (Ex. B). Petitioner went to trial (Ex. C), and on April 15, 2005, the jury found him guilty of second degree murder and aggravated battery as charged in Counts I and II, and not guilty as to Count III. (Ex. D). Petitioner was adjudicated guilty of Counts I and II, and sentenced to concurrent terms of life imprisonment on the murder and 15 years imprisonment on the battery. (Exs. E, F). Petitioner's judgment of conviction was affirmed on direct appeal on June 23, 2006, per curiam and without a written opinion. *Solis v. State*, 932 So. 2d 197 (Fla. 1st DCA 2006) (Table) (copy at Ex. L). No further review was sought.

On July 15, 2008, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. N). The state circuit court denied the motion in a written order filed June 15, 2009. (Ex. O). The Florida First District Court of Appeal ("First DCA") affirmed on March 24, 2010, per curiam and without a written opinion. *Solis v. State*, 37 So. 3d 855 (Fla. 1st DCA 2010) (Table) (copy at Ex. R). The mandate issued June 8, 2010. (Ex. U). On July 13, 2010, petitioner filed a notice to invoke the jurisdiction of the Florida Supreme Court. (Ex. V). The Florida Supreme Court dismissed the petition for review on June 24, 2010, for lack of jurisdiction. *Solis v. State*, 39 So. 3d 1265 (Fla. 2010) (copy at Ex. W).

On March 17, 2011, petitioner filed a second Rule 3.850 motion. (Ex. X). The state circuit court denied the motion in a written order filed March 31, 2011. (Ex. Y).

---

[1] All references to exhibits are to those provided at Doc. 10, unless otherwise noted.

Petitioner's motion for rehearing was denied on June 7, 2011. (Ex. AA). Petitioner appealed the trial court's order to the First DCA (Ex. BB); however, petitioner subsequently filed a motion to dismiss the appeal without prejudice. (Ex. CC). The First DCA dismissed the appeal on October 4, 2011, pursuant to petitioner's voluntary dismissal. (Ex. DD).

On November 14, 2011, petitioner filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. (Ex. EE). On December 8, 2011, the First DCA denied the petition, citing Florida Rule of Appellate Procedure 9.141(d)(5), which is the timeliness provision governing petitions alleging ineffective assistance of appellate counsel. *Solis v. State*, 75 So. 3d 419 (Fla. 1st DCA 2011) (copy at Ex. FF). Petitioner filed a petition for writ of certiorari (Ex. GG), which the First DCA treated as a motion for rehearing and denied on March 9, 2012. (Ex. HH).

On March 17, 2014, petitioner filed a petition for writ of habeas corpus in Gadsden County Circuit Court, alleging two grounds of ineffective assistance of trial counsel. (Ex. II). The circuit court denied relief by order entered June 30, 2014. (Ex. JJ). The First DCA summarily affirmed on December 2, 2014, per curiam and without a written opinion. *Solis v. State*, 152 So. 3d 572 (Fla. 1st DCA 2014) (Table) (copy at Ex. MM). The mandate issued December 30, 2014. (Ex. NN).

Petitioner filed his federal habeas petition in this court on January 10, 2015 (doc. 1), which he later amended (doc. 3). The amended petition identifies three grounds for relief, which petitioner labels as follows: (1) "<u>New</u> Constitutional Violation of Right to Access the Courts for Redress of Injuries", (2) Manifest Injustice from Counsel's Failure to Advise of Viable Defense", and (3) "Manifest Injustice Occurred Where Counsel Allowed Unchallenged an Erroneous Instruction."

(Doc. 3). Petitioner asserts he exhausted all of these grounds by presenting them in his March 17, 2014 state habeas petition and appeal. Petitioner asserts that the timeliness of his petition is governed by § 2244(d)(1)(D), because the factual predicate of Ground One occurred during his state habeas proceeding. (Doc. 3, pp. 14-15).

Respondent asserts that the appropriate trigger for the limitations period is § 2244(d)(1)(A) – the date petitioner's conviction became final – and that the petition is untimely because it was filed beyond one-year from that date. (Doc. 8).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Although petitioner casts Ground One as an freestanding claim for federal habeas relief, the substance of petitioner's argument is that federal habeas relief is warranted because the state habeas court applied the wrong legal standard in rejecting petitioner's ineffective assistance of trial counsel claims. Petitioner's allegations in support of Ground One are, verbatim and in totality:

> When presenting his constitutional claims before the lower court it relied upon an incorrect principle of law to deny relief. Based upon State and Federal law the courts are required to apply a correct principle of law to admitted facts in order for a litigant to have due course of the judicial system for adress [sic]. The lower court applied an overwhelming evidence test to claim that required under manifest injustice on ineffective assistance of counsel was that of harmless error analysis. The District Court on appeal endorsed the lower action thereby exhausting the access claim with the highest state court with jurisdiction.
>
> Constitutional requirements on an access to the court claims are that the underlying claim be non-frivolous and arguable. To that end, the underlying claims are set forth in the following grounds for relief [Grounds Two and Three of petitioner's amended federal petition] in support of the violation of petitioner's right to access the courts for redress.

(Doc. 3, pp. 6-6A). In answering questions on the petition form concerning exhaustion of Ground One, petitioner asserts that he raised this issue in his 2014 state habeas proceeding, because "claims [of] ineffective assistance of counsel not subject for review on Direct Appeal." (*Id.*, p. 7). It is clear from comparing Ground One to

petitioner's state habeas pleadings that petitioner has merely taken the argument he presented on appeal from the order denying relief on his ineffective assistance of trial counsel claims, and re-formatted the argument as a separate ground for federal habeas relief.  (*See* Ex. KK).

Ground One does not raise an independent constitutional claim for federal habeas relief.  This conclusion is supported by the fact that petitioner is not claiming he was shut out of court or denied the opportunity to file a state habeas petition raising his ineffective assistance claims.  To the contrary, petitioner is claiming that he sought judicial relief on his ineffective assistance claims by filing a state habeas petition, and that the state courts applied the wrong legal standard in rejecting his claims.  Ground One does not provide a basis to invoke § 2244(d)(1)(D).

Even if the court were to construe petitioner's Ground One as a freestanding claim that petitioner was denied "due course of the judicial system for [re]dress", the claim is not cognizable in a federal habeas proceeding, because it alleges a defect in a proceeding collateral to petitioner's confinement and not the confinement itself.  *See Christopher v. Harbury*, 536 U.S. 403, 414-415, 122 S. Ct. 2179, (2002) ("[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong.  However unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.").  As the Eleventh Circuit explained in *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318 (11th Cir. 2010):

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*,

> 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, — U.S. —, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – *i.e.*, the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365.

*Id.* at 1325-26; *see also id.* at 1326 (holding that habeas petitioner's challenge to state postconviction proceeding – the state court's ruling that petitioner waived his state collateral proceedings – was not cognizable on federal habeas review); *Carroll*, 574 F.3d at 1365-66 (holding that habeas petitioner's claim that the state court violated his due process rights when it summarily denied his postconviction claim without an evidentiary hearing, did not state a claim on which federal habeas relief could be granted); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention."). Petitioner's reliance on Ground One as a basis to invoke § 2244(d)(1)(D) is misplaced and should be rejected.

Applying § 2244(d)(1)(D) to petitioner's actual substantive claims for federal habeas relief (his ineffective assistance claims presented in Grounds Two and Three) fares no better. The factual predicates of petitioner's claims arise from trial counsel's failure to assert a defense of self-defense and failure to object to the trial court's erroneous instruction on manslaughter – facts which could have been discovered through the exercise of due diligence <u>before</u> petitioner's conviction became final. As the limitations period runs from the <u>latest</u> of the triggers enumerated in § 2244(d)(1)(A)-(D), the "factual predicate" trigger of § 2244(d)(1)(D) does not control.

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed or that he bases his claims on a right newly recognized by the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(B)-(C). Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on June 23, 2006. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244 on September 21, 2006, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The limitations period began to run the following day, on September 22, 2006, and expired one year later on September 24, 2007, in the absence of tolling.[3] *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

---

[2] The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* Sᴜᴘ. Cᴛ. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

[3] September 22, 2007, was a Saturday.

Petitioner had no properly filed state applications for postconviction or other collateral review pending between September 22, 2006, and September 24, 2007. Thus, the statutory tolling provision of § 2244(d)(2) is not implicated. Petitioner's postconviction applications filed <u>after</u> the federal habeas limitations period expired on September 24, 2007, do not qualify for statutory tolling. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citing cases)); *see also Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's federal limitations period expired on September 24, 2007. Petitioner's federal habeas petition, filed on January 10, 2015, is untimely. Petitioner has not established entitlement to equitable tolling or any exception to the limitations period.[4] Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing

---

[4]Petitioner's reply merely argues that the court should disregard respondent's motion to dismiss and require the State to address the merits of petitioner's claims. (Doc. 13).

*Case No: 4:15cv20/MW/CJK*

Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 8) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 3), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Mauro Solis* in the Circuit Court for Gadsden County, Florida, Case No. 03-CF-808, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 21st day of August, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th C<small>IR</small>. R. 3-1; 28 U.S.C. § 636.